FILED
 2008 Jun-30  PM 03:11
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **COLETTA GARNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 2:07-cv-00829-CLS |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant Coletta Garner commenced this action on May 7, 2007, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ's findings are legally insufficient *because* they are not based on substantial evidence. A purported lack of substantial evidence is claimant's only argument on appeal.

In the present case, the ALJ found that "claimant's medically determinable impairments include iron deficiency; bilateral mild hip osteoarthritis and bilateral anterior knee pain secondary to chondromalacia changes underneath the patella; and mild depression."[1]  The ALJ determined that claimant's impairments, either individually or considered in combination, were "severe," but that they did not "meet or medically equal one of the listed impairments in Appendix I, Subpart P, Regulation No. 4."[2]  These conclusions were supported by substantial evidence, including the opinions of claimant's treating physicians.

The rub for claimant is that she argues that the ALJ did not consider all evidence of record in rendering his decision. At the hearing before the ALJ, claimant's request that she be allowed to submit post-hearing evidence was granted. It is undisputed that claimant submitted such evidence during and after the hearing,

---

[1] Tr. at 25.
[2] *Id*.

2

and that the submissions were incorporated into the record.[3] In rendering his decision, however, the ALJ stated that "[a]s of the date of this decision, neither the claimant nor her attorney has submitted any further and or other evidence to the undersigned . . . the undersigned concludes that the record is complete and renders a decision thereon."[4] Claimant argues that this statement demonstrates that the ALJ's decision is based on less than substantial evidence, or that, in the alternative, this court should remand this cause to the Commissioner so that the ALJ can state that his decision is based on all evidence of record.

The court concludes that such a remand is unnecessary. While it is unclear why the ALJ found that claimant did not submit any evidence after her hearing, the ALJ nonetheless considered post-hearing evidence in rendering his decision. In his written decision, the ALJ discussed certain post-hearing evidence found in claimant's exhibits 14 & 15, and refers generally to other post-hearing medical evidence without citing to a specific exhibit number.[5] It appears to this court that the ALJ simply made a mistake in stating that claimant did not submit post-hearing evidence, and that this error is harmless in that the ALJ clearly considered such evidence in rendering his decision. Despite claimant's arguments to the contrary, it is not necessary for an ALJ

---

[3] *See* tr. at 239-361.
[4] Tr. at 18.
[5] Tr. at 23, 244-57.

to specifically "discuss every piece of evidence submitted" in order to indicate that all the evidence of record was considered.  *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1336 (M.D. Ala. 2001) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (noting also that "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered."); *Wheeler v. Apfel*, 224 F.3d 891, 896 (8th Cir. 2000)).  *See also Ogranaja v. Commissioner of Social Security*, 2006 WL 1526062, at *3 (11th Cir. 2006) (unpublished) ("We do not require the ALJ to 'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole.").[6]

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 30th day of June, 2008.

_____
United States District Judge

---

[6]"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.